### KANE v. JOHNSON, Commissioner of Immigration.

(District Court, D. Massachusetts. May 27, 1926.)

No. 2459.

1. Aliens ⟪⟫46—As to immigration statutes, validity of marriage is determinable by law of place where performed.

For the purposes of the immigration statutes, the validity of a marriage is to be determined by the law of the place where it was performed.

2. Aliens ⟪⟫46—Illiterate alien woman, married by proxy in Portugal to alien resident of United States, held entitled to admission.

An illiterate alien woman, married by proxy to a resident alien before a public official in Portugal, where such marriages are valid, held entitled to admission as wife of such resident.

3. Aliens ⟪⟫46—Status of wife, to authorize admission, not affected by law of state where husband resides.

Whether an illiterate woman is entitled to admission as wife of a resident to whom she was married by proxy is a federal question, and is not dependent on the marriage law of the state where the husband resides.

Habeas Corpus. Petition of William F. Kane, on relation of Maria De Jusus Lopes Baptista, against John P. Johnson, Commissioner of Immigration. Relator discharged.

William H. Lewis, of Boston, Mass., for petitioner.

Harold P. Williams, U. S. Atty., and John W. Schenck, Asst. U. S. Atty., both of Boston, Mass., for defendant.

MORTON, District Judge. Habeas corpus to the Commissioner of Immigration to secure the discharge of Baptista, who has been excluded by the immigration tribunals, on the ground that she is illiterate, and ordered deported.

She claims admittance as the wife of Jose Lopes Baptista, an alien duly admitted to this country and three years resident here.

The marriage ceremony on which the applicant relies took place at the office of the civil government in Alcanede, Portugal, where she lived. It was a marriage by proxy, the husband being represented at the ceremony by his brother. The immigration tribunals, being of opinion that such marriages are not valid in this country, refused to recognize it. The board of special inquiry, who saw the witnesses, expressed no doubt of the truthfulness and good faith of the applicant and her alleged husband.

[1, 2] The case has been pending since 1923, the applicant having been admitted to the country on bond. During this interval Ex parte Suzanna (D. C.) 295 F. 713, has been decided by Judge Lowell, in which, upon a careful examination of the question, he held that marriages by proxy were valid under the law of Portugal, and that the validity of a marriage ceremony is to be determined by the law of the place where it was performed. No question is made but what the marriage here in question was a valid civil ceremony under the law of Portugal. It is plainly my duty to follow Judge Lowell's decision. Even if it were not, I should reach the same conclusions, for the reasons and upon the authorities given in his opinion.

[3] The government seeks to distinguish the Suzanna Case upon the ground that there the husband was a resident of Pennsylvania, by the laws of which state common-law marriages are valid, which is not true of Massachusetts. Questions of this character are essentially federal, and ought, if possible, to be decided upon principles of law uniformly applicable throughout the country. It would be anomalous and unfortunate, if the right of women in the status of this applicant to be admitted into this country under the laws of the United States were made to depend upon the law of the particular state where the husband may be domiciled. The two basic grounds above referred to are, in my opinion, sufficient to support the result in the Suzanna Case. Moreover, the marriage here in question was formally entered into before a public official. It is essentially different from those informal agreements to become man and wife which in some states are recognized as common-law marriages. In my opinion, the law of Massachusetts does not forbid an alien resident here from marrying by proxy in a manner valid according to the laws of his country.

An order may be entered discharging the applicant.